## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JEREMY K. ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-102 NCC |
| | ) |
| VICTIMS BUSINESS STATE | ) |
| OF MISSOURI GOVERNMENT, | ) |
| et al., | ) |
| | ) |
| Defendants. | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of self-represented plaintiff Jeremy K. Ross for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, the Court has carefully reviewed plaintiff's complaint and for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On January 30, 2022, plaintiff filed the instant action against two defendants: (1) Victims Business State of Missouri Government and (2) Town and Country Municipal Government. [ECF No. 1]. Plaintiff asserts he is bringing his claims pursuant to 42 U.S.C. § 1983. His complaint is handwritten and not on a court-form.

Plaintiff's claims are somewhat difficult to decipher. Plaintiff cites to several Missouri state law criminal case numbers, presumably under which he has been charged. He then alleges in a general manner that he is entitled to the protections guaranteed to citizens by the Constitution of the United States of America. For example, plaintiff asserts:

> **Amendment I (One)**
> Freedom of Speech: for the Court to issue a right to remain silent anything I say can and will be held against me in a court of law as I stood in court as a non resident has no compulsory purpose and in fact was a violation of my rights by denying me compulsory process to be heard substantially as equal to the Law and Equity.
> . . .
> **Article 2 (Two) II Section 9**
> The Writ of Habeas Corpus shall not be suspended unless when in Cases, or rebellion, or invasion, the public safety may require it.
>
> In document Index (E) one states in clear language resident status NON-RESIDENT substantiality taking me out of my citizenship to which I am an Inhabitant and violates. . .
>
> **Amendment IV (Four) 4**
> The Right of the People to be Secure in Their Persons, Houses, Papers and Effects against Unreasonable Searches and Seizures, and no warrant shall issue, but upon probable cause, supported by an oath or affirmation and particularly describing the place to be searched and the person or things to be seized.
>
> I gave no implied consent to be searched or seized as I was tased and sent to a hospital for stating I am the Administrator. My name is A to Z. Let me sue a Judge as stated on document Index (B) 15 fifteen video from in car camera which I was denied to have for my defense. . .
>
> Followed by the Durable Power of Attorney being declined by a Judge for a 96 Hour Medical Hold at Mercy Hospital by lawful protest singing A to Z documented on (B) 16 sixteen (B) seventeen Indexed in requisites provided.
>
> **Amendment V (5) Five**
> No person shall be held to answer for a capital, or otherwise infamous crime, without due process of law.

3

LEWEB booking sheet shows, no arrest, no mug shot, no fingerprints, no consent as shown in requisites (B) one, (B) two, and (B) three. From the Missouri Department of Revenue (Business) requisite document (B) five clearly stated no arrest report received from arresting agency these documents show violation of Amendment V 5.

**Amendment II (Two) 2**
A well regulated militia, being necessary to the security of a free State the right of the people to keep and bear arms shall not be infringed. . .

By Order of the Court of St. Louis County Division 40, Judge Newsham ordered I cannot possess or be in the vicinity of any firearms or weapons as shown in Document marked (C) one Indexed. This violated my Second II Amendment right.

**Amendment VI (Six) 6**
In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation to be confronted with witness against him to have compulsory process for obtaining witnesses in his favor and have the assistance of counsel for his defense.

Denied full discovery (video tape) charges were separated in two courts denying the case in full to be tried which is a violation of Amendment VI (6) Six.

Plaintiff states that "addiction is a human condition not a crime." He asserts that he was born a "peaceful inhabitant in the Union State of Hawaii, Honolulu, in Light of Reverant Day…at 6:40 am as a naturalized citizen. He asserts that the "orders by the Executive" have denied him civil rights and disparaged him for several decades.

For relief plaintiff seeks "reparation" of five million and thirty thousand dollars in this action for "injury to [his] person." Plaintiff also asserts that he does not consent to be a "Titled Statutory Citizen."

4

**Background**

Prior to this case being filed, a related underlying criminal case was filed against plaintiff in Missouri State Court. *See State v. Ross*, Case No.20SL-CR02488 (21st Jud. Cir., St. Louis County Court). The facts in that case are as follows.

Plaintiff was charged by the filing of a complaint on May 18, 2020. In the complaint, Officer Fareid Yaakub, a Police Officer with Town and Country Police Department, testified:

> I have probable cause to believe that on January 24, 2020, at 3015 Ballas Road, Jeremy Ross, White, Mail…committed on or more criminal offense(s).
>
> Count: 01 Possession of Controlled Substance Except 35 Grams or Less of Marijuana/Synthetic Cannabinoid – Class D Felony
>
> The facts supporting this belief are as follows: Town and Country Police were called about the driver of a pickup truck driving extremely erratically. When the police approached, the defendant's pickup truck was parked at an angle blocking both the northbound and southbound lanes of Ballas Road. The defendant exited his truck and approached a police vehicle in an aggressive manner as if under the influence of alcohol or some type of drug. The defendant cursed and threatened the officer and had to be physically subdued by the use of a Taser. The defendant was eventually arrested and taken to Mercy Hospital for evaluation. When the defendant's vehicle was moved to open up traffic on Ballas Road a large piece of tin foil was observed on the center console. A crystal-like substance that appeared to be methamphetamine was found in the foil. The substance was conveyed to the County Lab and found to be methamphetamine.

On September 2, 2020, plaintiff's attorney waived formal arraignment on plaintiff's behalf, and thereafter counsel filed two separate motions to continue the case. On January 6, 2021, plaintiff's counsel filed a motion to withdraw his representation of plaintiff, which was granted on January 26, 2021. On July 8, 2021, plaintiff filed a motion to join the action

5

with two separate municipal charges that arose from the same incident.[1] It appears this case was dismissed by the prosecutor, as it is no longer available on Missouri.Case.Net.

## Discussion

Having carefully reviewed the instant complaint, the Court finds plaintiff's claims against defendants Victims Business State of Missouri Government, which the Court construes as the State of Missouri, and Town and Country Municipal Government, fail to survive review under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed at this time.

### A. Defendant State of Missouri

Plaintiff's claims against the State of Missouri must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983").

Additionally, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th

---

[1] On August 3, 2020, plaintiff was charged in the City of Town and Country in two separate municipal cases: *City of Town and Country v. Ross,* Nos. 2096-MU00052 and 2096-MU00054. In Case No. 2096-MU00052, plaintiff was charged with resisting arrest, and in Case No. 2096-MU00054, plaintiff was charged with impeding the flow of traffic by blocking the north and southbound lanes of Ballas Road. Each of the charges relates back to the date of January 24, 2020. Neither case has yet been disposed.

Cir. 2007). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on a nonconsenting State from lawsuits brought in federal court by a State's own citizens or the citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 2018 WL 2070564, at *1 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a State waives its immunity to suit in federal court. *Id.* at 65. A State will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. First, there is no congressional abrogation of Eleventh Amendment immunity. Plaintiff brings this action pursuant to § 1983. The United States Supreme Court has determined that 42 U.S.C. § 1983 does not revoke the States' Eleventh

7

Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not consented to the suit. Specifically, the State's statutory waiver of immunity does not include the type of claims made by plaintiff in this case. *See* Mo. Rev. Stat. § 537.600.

Thus, because a state is not a "person" for the purposes of § 1983 and a suit against the state is barred by the Eleventh Amendment, plaintiff's claim against the State of Missouri will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**B. Defendant Town and County Municipal Government**

Plaintiff's claims against Town and Country, Missouri fail to state a claim and must be dismissed. A local governing body can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Town and Country.

8

First, plaintiff can show that Town and Country had an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.
> *Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against Town and Country by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a

9

"pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no plausible facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional municipal policy or custom. He has failed to articulate any unconstitutional policy or custom allegedly implemented by officials of the municipality. He also fails to present any facts indicating that Town and Country failed to train its employees. Instead, plaintiff's complaint is largely nonsensical, conclusory, and vague. He complains about "abuse" that has occurred since September of 1975, which included "unlawful search and seizure," "deadly force using a taser," detainment without his consent, and seizure of his property. Plaintiff provides no supporting facts, such as when these incidences occurred. He does not identify who allegedly searched him, detained him, or seized his property. The Court cannot infer the existence of an unconstitutional municipal policy or custom from these unsupported and bizarre allegations.

Because plaintiff has not alleged facts showing an unconstitutional policy, custom, or failure to train on the part of Town and Country, he has not stated a municipal liability claim. Therefore, plaintiff's § 1983 action against Town and Country must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal

of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Thus, liberally construing the complaint, plaintiff's allegations against defendant cannot survive review under 28 U.S.C. § 1915(e)(2)(B), and the Court will dismiss these claims for failure to state a claim and/or legal frivolity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for failure to state a claim upon which relief may be granted. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** than an appeal from this dismissal would not be taken in good faith.

Dated this 31st day of January, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE